FAITOUTE IRON & STEEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10547.   Promulgated April 25, 1928.

*John A. Conlin, Esq.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

820

LOVE: With respect to the first contention advanced by the petitioner, the evidence shows that during the year 1919 the petitioner invested in the Bloomingdale Farms, Inc., the amount of $50,050 and that in September, 1920, the 325 shares of stock representing the investment theretofore made were sold for $32,500 to Faitoute, its president. However, in view of all of the facts, it is evident that the sale was *bona fide* and we see no reason why the petitioner should not deduct the loss sustained. Accordingly, the Commissioner's action in disallowing as a deduction from gross income for 1920 the amount of $17,500 representing the loss sustained by reason of the sale of the stock in question is reversed.

Petitioner's second contention is that it is entitled to deduct the amount of $8,050 as a business expense incurred and paid in 1920 The Commissioner takes the position, however, that so much of the expense as was incurred by Mrs. Faitoute is not deductible.

It is clear that Faitoute went to South America on a mission connected with petitioner's business. It is true that his wife accompanied him. Upon his return, he was reimbursed by petitioner in the amount of $8,050 for expenses incurred on the trip. Obviously, the amount paid by petitioner was a business expense to it and as such properly deductible from gross income.

Of course, the amount of $8,050 constituted gross income to Faitoute and his wife's expenses on the trip are not deductible therefrom in computing his net income. However, petitioner's right to deduct the amount in question is not altered or affected thereby. The amount in question is none the less a business expense merely because Faitoute's wife accompanied him.

*Judgment will be entered on 15 days' notice, under Rule 50.*